McLATCHY et al. v. KING et al.

(District Court, D. Massachusetts.  May 16, 1917.)

No. 668.

1. MONOPOLIES ⊚⇒30—ACTIONS FOR PENALTY—ESSENTIALS TO RECOVERY.
     It is essential, in civil actions for penalties under the Sherman Act
     (Comp. St. 1916, §§ 8820–8823, 8827–8830), that the restraint of trade in-
     tended or accomplished shall be unreasonable in extent or directly aimed
     at interstate traffic.

2. MONOPOLIES ⊚⇒30—COMPLAINT—SUFFICIENCY.
     Complaint seeking threefold damages under the Sherman Act (Comp.
     St. 1916, §§ 8820–8823, 8827–8830) for alleged conspiracy in restraint of
     interstate trade in certain potatoes is defective, where not containing any
     allegations as to extent of interstate trade in such potatoes, either actually
     or relatively.

3. MONOPOLIES ⊚⇒30—ACTION FOR PENALTY—PARTIES.
     Where members of the listing committee of an association set in mo-
     tion against plaintiffs organized action illegal under the Sherman Act
     (Comp. St. 1916, §§ 8820–8823, 8827–8830), an action for threefold dam-
     ages may be maintained against defendants alone, without joinder of the
     association or members.

4. MONOPOLIES ⊚⇒30—COMPLAINT—SUFFICIENCY.
     A complaint seeking penalty under the Sherman Act (Comp. St. 1916, §§
     8820–8823, 8827–8830) for a conspiracy in restraint of trade is not bad
     for duplicity or uncertainty, because it set out the conspiracy and an ac-
     tual restraint of trade resulting therefrom, for, while the conspiracy was
     the gist of the action, its results should be alleged.

At Law.   Action by R. E. McLatchy and others against C. C. King
and others.   On demurrer to the declaration.   Demurrer sustained,
with leave to amend.

Carver, Wardner & Cavanagh, of Boston, Mass., for plaintiffs.
Herbert Parker, of Boston, Mass., for defendants.

MORTON, District Judge.   The declaration is demurred to on the
ground that it does not set up a cause of action.

[1, 2] The plaintiffs do not contend that the declaration sets out a
cause of action at common law, nor invoke jurisdiction here on the
ground of diversity of citizenship, although upon the face of the pa-
pers such diversity appears.   Their claim is to recover threefold dam-
ages under the Sherman Act (Act July 2, 1890, c. 647, 26 Stat. 209
[Comp. St. 1916, §§ 8820–8823, 8827–8830]), for injuries done to their
business by an alleged conspiracy among the defendants in restraint of
interstate trade.   It is essential, in civil actions for penalties under
the Sherman Act, as well as in prosecutions thereunder, that the re-
straint of trade intended or accomplished shall be unreasonable in ex-
tent or shall be directly aimed at interstate traffic.   No contention is
made that the present case falls within the latter class.   It is therefore
necessary that the declaration should state facts showing unreasonable

interference with interstate trade. The declaration contains no allegation as to the extent of the interstate trade in Aroostook county potatoes, either actually or relatively. For aught that appears, not more than 100 bushels of potatoes a year may have been shipped from Aroostook county, and the interference with the trade in them may have been an insignificant matter. It is not alleged that Aroostook county potatoes constituted a separate, recognized article of commerce, or that there was any established trade in them as distinguished from other potatoes. In my opinion the declaration does not sufficiently describe the trade, a conspiracy in restraint of which is alleged. For this reason the general demurrer must be sustained, but with leave to the plaintiff to amend, if desired.

[3] The defendants contend that there is a fatal lack of necessary parties, because neither the association nor the members of the association are made defendants in the present suit. The injury alleged to have been suffered by the plaintiffs arose, it is argued, not from the action of the listing committee, consisting of the defendants, but from the action of the other members of the association in refusing to deal with listed persons. The declaration alleges, however:

"That said association in all its acts and doings and in the listing of names as hereinafter recited is dominated and controlled by the defendants; * * * that the defendants jointly control the action of said association in determining to what persons in states other than the state of Maine shipments should be made of potatoes from Aroostook county, etc.; * * * that the other members of said association, upon receiving notice of the listing * * * as aforesaid, would refuse to have any dealings with such listed member," etc.

What the defendants did, upon the allegations of the declaration, was to set in motion against the plaintiffs organized action illegal under the Sherman Act. If so, they are liable.

[4] It is further suggested for the defendants that the declaration sets out both a conspiracy to restrain trade and an actual restraint of trade, and is therefore bad for duplicity or uncertainty. The gist of the action is the conspiracy; it resulted in acts which caused damage to the plaintiffs. It seems to me not only proper, but necessary, to allege both the conspiracy and its results, in order to establish a cause of action of the character here in question.

Demurrer sustained, with leave to amend.